ERNEST SCHNEIDER AND ANOTHER v. R. L. OWENS AND ANOTHER.[1]

April 13, 1923.

Nos. 23,261, 23,262.

**Fall of chimney—negligence of adjoining tenant for the jury.**

1. A chimney extending 30 feet above the roof and surrounded by a staging braced against it was blown over by the wind and fell upon and damaged adjoining property. Whether defendant was negligent in allowing the staging to remain for some three months with no lateral support except the chimney was, under the evidence, a question for the jury.

**Owner of building may recover for its loss when not the owner of the land.**

2. The owner of a garage placed on the land of another by permission may recover from a third party for its negligent destruction.

Two actions in the district court for Hennepin county to recover $350 and $600, respectively. The cases were tried together before Buffington, J., who denied motions in each case for a directed verdict in favor of defendant, and a jury which returned a verdict for $100 in the first action and for $200 in the second action. From the judgments entered pursuant to the verdicts, defendant Wade appealed. Affirmed.

*L. W. Crawhall*, for appellants.

*P. W. Viesselman* and *Lloyd R. Peterson*, for respondent.

TAYLOR, C.

These two actions, based on the same charge of negligence, were tried together and resulted in a verdict of $100 for plaintiff Schneider

[1] Reported in 193 N. W. 41.

and a verdict of $200 for plaintiff Gillesby.   The term defendant will designate defendant Wade as the actions were dismissed at the trial as to defendant Owens.   After an alternative motion for judgment notwithstanding the verdict or for a new trial had been made and denied in each case, judgments were entered and defendant appealed therefrom.

Defendant contends that the evidence does not justify the finding that she was chargeable with negligence.

Defendant operated a laundry in a leased building in the city of Minneapolis, and by the terms of her lease was required to keep the building in repair.   A rectangular brick chimney 36 by 40 inches extended 30 feet above the roof, and a metal smokestack placed on top of the chimney extended perhaps 20 feet higher.   The metal stack was held in position by three guy wires.   It became weakened by rust around the band to which the guy wires were attached and the upper part of it was tipped over and partially broken off by the wind.   For the purpose of removing the old stack and erecting a new one, defendant built a staging 6 feet square around the chimney extending to its top.   The supports were 2 by 4 scantling at each corner which were braced by boards nailed to them and extending from one to another every few feet and by horizontal struts fitted firmly against the corners of the chimney.   Defendant removed the old stack including the guy wires which supported it.   The city smoke inspector required the new stack to be 40 feet in height.   The company to whom defendant applied to construct the new stack declined to place a 40-foot stack on that chimney on the ground that it was too small and weak for a stack of that height and weight. Nothing further was done, but the staging and chimney were allowed to remain in the condition in which they were when the old stack was taken down.   Three months later the staging and chimney were blown over by a heavy wind, and fell upon and broke down two garages and a chicken coop on the adjoining lot, and damaged an automobile and other articles.   Part of the property damaged belonged to one of the plaintiffs and the remainder to the other.

Defendant insists that ordinary care did not require her to anticipate and guard against a wind of such unusual violence as the wind

which wrecked the chimney. It was her duty to anticipate and guard against such winds as might reasonably be expected to occur; and the records of the government weather bureau, in evidence, show that winds of equal or greater violence had occurred frequently. She further insists that she cannot be charged with negligence for the reason that both the chimney and the staging were well built and nothing had occurred to indicate that they were unsafe. There were no guy wires. The staging was braced against the chimney and had no lateral support except the chimney. The surface exposed to the force of the wind had been largely increased by the platform at the top of the staging and the numerous boards used as braces. We are unable to say as a matter of law that there was no negligence in leaving these structures in this condition from November 12, when the old stack was removed, to February 16, the date on which they fell. The facts and circumstances made the question of negligence a question for the jury.

Defendant further insists that plaintiff Gillesby was not entitled to recover the damages to his garage for the reason that he did not own the land on which it was located. This claim is without merit for he owned the garage and had permission to place it on this land. Some question is raised concerning the amount awarded him, but the evidence justifies the finding of the jury. We find no basis for the claim that the plaintiffs were chargeable with contributory negligence. The judgments are affirmed.